23-7630 United States v. Pick Good afternoon, Your Honors. May it please the Court, my name is Lauren Bowman, and I am an Assistant United States Attorney in the Eastern District of New York, and I represent the government on appeal. We've heard a lot about the conditions imposed so far, but let me first remind the Court what brought us here. The defendant, Pick, pled guilty to sexual exploitation charges that involved the defendant producing pornographic images of his own then three-year-old son and participating in the abuse of other toddler children by requesting pornographic content of minors from his co-defendants. At sentencing, the Court properly concluded and imposed that an eight-year term of supervised release was appropriate and that a special condition limiting Pick's ability to conduct victims, including his son. The Court's decision is evident in the record. It was based off the heinous and shocking offense conduct I just described and is in the record below, the need to deter future similar conduct, which is a basis to impose a condition of supervised release and to protect society. Let me walk through some of those reasons that the Court found and provides a basis for both the eight-year term and for the special condition. In terms of protecting the society, the Court said a number of relevant statements. The Court said, and you can find this on appendix page 79, sexual exploitation of children preys on the most vulnerable segment of our society, our children. On appendix page 80, the Court says, a substantial sentence is required in this case in light of the pattern of sexual exploitation the defendant engaged in and the unqualifiable harm his conduct has undoubtedly caused his victims and their family. Again on that page, the Court says, this defendant's appalling conduct thus had far-reaching consequences. Those were the reasons that echoed the reasons in the resentencing recommendation about why conditions in an eight-year term were necessary to protect society. But am I right that there's nothing in which the Court considered the fact that this particular victim was his child but for the crime he would have had a parental relationship with, nor did it consider that the condition would take effect presumably after the child had become an adult? If I understand your first question, Your Honor, the Court did put specific reasons about why the condition was needed based on the father-son relationship. On appendix page 81, the Court said, Mr. Pick is a father and as such was uniquely entrusted to care for his children. Instead, he sexually exploited his youngest and persuaded his co-defendants to sexually exploit children. Again, on appendix page 78, the Court says, he sexually exploited his own child and throughout the sentencing proceeding, the Court walked through some of the very specific conduct relating to that three-year-old child. To Your Honor's second question about whether the Court specifically inquired or put reasons about at what point the child would be an adult and whether the condition would impact the relationship post-release, no, the Court did not put anything in the record. But what the Court did say is that it had considered the sentencing guidelines policy recommendations and in cases like this, a term of life, a supervised term of life, is applied often in these sex offense cases. So the Court signaled to the parties that before it, an eight-year term was specific enough for these facts. Counsel, may I ask, you haven't emphasized it here, but you argue ripeness in the papers and it just strikes me, tell me if you agree with this, that a reason to reach the issue now is that rather than wait and seek a modification potentially, is that at a modification stage, the legal argument being made as to the impermissibility of interference with the parent-child relationship can't be made. Do the age of the son at the time? No, because we have law that says you can't make those kind of legal constitutional arguments in seeking as a basis for modification. Understood, Your Honor. The government believes that the issue is not ripe because built into Special Condition 2 is that probation has discretion about whether the defendant pick will be able to contact his son and that's a future question. He's going to be incarcerated for at least until 2045. Again, as Your Honors recognize, it may be sooner, but because we don't know at what point in time he's going to be released or what probation's views are going to be at that time or what the victim's views are going to be at that time, we believe it is not ripe. And I agree with the factual predicates to that answer, but is it right that let's say we get to a point where the defendant is released, his son is an adult, and the defendant seeks modification at that point. He wouldn't be able to say, I think, and this is what I'm looking for, for your agreement or disagreement, he wouldn't be able to say modification should be granted because this is an overly restrictive interference with the parent-child relationship. Your Honor, I think the way to view this is I understand the current challenge on appeal today to be that there was no basis in the record for this condition, which I do not believe to be true. At a later time, I believe the appellant pick would have the ability to go to probation and make a case for them to exercise their discretion, and then at that point, if probation was not going to honor the request, the issue would be right. And you think he could raise, essentially, the post-constitutional challenge? I do, Your Honor, in the sense that as an adult parent, your child is still your child. I think as my adversary was alluding to, the arguments may be weaker if the minor is an adult. But the condition was imposed on additional victims, and so really what the court was doing was not treading into this adult parent-son or son-parent relationship. It was putting the defendant's son into the victim category based on the heinous and egregious conduct and definitely provided rationales on the record for the condition to stand. Tell me if you agree with this. You argue ripeness and that modification could be sought. I think it would be the case that if this condition weren't imposed now, and then vis-a-vis the adult child, and then upon release, if that then adult didn't want to be contacted, there would be no way to modify it the other way, I suppose. Does that question make sense? That is to say, if we were to vacate the condition now, there would be no mechanism to preclude contact with the adult child down the road. I think that's right, Your Honor. I think if the conduct rose to a level of a state claim, then the victim could go to state court and get order of protection. Or a minor child, if you will, for any reason, released before the child reached majority. I believe that to be true, Your Honor. Those were the reasons relating to the special condition specifically. And I think the same reasons apply to the eight-year term. Again, the court noted on the record what it was relying on before imposing sentence, including the conditions of supervised release. The court noted that it considered all the 3553A factors, as well as the guidelines, advisory recommendations, and policy statements. The defendant was on notice of the potential range of supervised release at the plea stage and at sentencing and confirmed on the record that he understood what he was facing. And imposing an eight-year term, the court really fashioned a quite lenient term of supervised release, given the guidelines went up to life. And there's not really a dispute about the policy statement recommending life in these cases. So for these reasons, the government submits that the court really conducted an individualized assessment. And under no circumstances can be found to have applied a shocking amount of time to the offense conduct here. Thank you, Ms. Bowman. Thank you. Mr. Nader, you have two minutes. Thank you again, Your Honors. I want to begin by pointing out something that the government said several times in its argument, which was referring to the discretion of probation to set these limits. And probation does not have discretion to set these limits. That's explicitly what this court said in the Sims case. I just quickly looked at your brief. And did I overlook it? But I didn't see where you challenged the extent of discretion being given to the probation department. Did I miss that? Yeah, I mean, it's in both the initial brief and it's in the reply brief. In the initial brief, it comes in the discussion of Jimenez in particular, first talking about Jimenez and then talking about how the same situation. I had first discussed Blau and Sims, which are a little bit closer because they're non-association conditions. Then I talk about Jimenez, and I'm saying that it's similar to Jimenez because this also involves a situation of unwarranted delegation to probation. And again, I bring this up again in responding to the government's arguments about why this can be kicked down the road. And again, the- Right, but you cite the case for the fact that the court failed to articulate a basis for it. And as you say about Jimenez, which is a summary order, this court vacated and remanded four special conditions where there was an inadequate basis in the record to support the condition and or were in position improperly delegated authority. Now, did you then argue that here there was an impermissible delegation of authority? Yeah, on page 26. Granting the probation department discretion to regulate or indeed functionally sever familial relationships between Mr. Pick and his own adult child without any due process far exceeds the discretion this court has held that a probation officer may exercise. All right, but you understand why, given that it's captioned and given that without any process might lead a court to think that what you're complaining about is the reasons, the inadequacy of the reasons. Well, that is the primary basis, but then especially when the government comes back and says, oh, well, it's not right because probation can themselves make this decision later. And that's why there's more discussion on it in the reply brief, because we feel that this was also somewhat of a response to what the government was arguing on why it should be hit down the road. But again, in the Myers footnote 5, well, in fact, Myers really goes to exactly what Judge Nathan, you were saying about the limitations of seeking to modify anything down the line. And that's specifically why Myers rejected the exact argument that the government made about kicking it down the road. And footnote 5, Judge Sotomayor, who wrote the opinion, noted, we note that the government's wait and see argument would apply to any incarcerated defendant challenging a condition of supervised release on direct appeal, thereby disrupting Congress's intent in providing streamlined procedures for reviewing terms of supervised release. All right. Thank you, Mr. Nooter. We do have the argument. We appreciate the arguments of both counsel. The matter is submitted and taken under advisement.